# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 11-04694 BKT** |
| **WILFREDO VALDES MORALES** | **Chapter 13** |
| | **Adversary No. 16-00166** |
| **Debtor(s)** | |
| **WILFREDO VALDES MORALES** | |
| **Plaintiff** | |
| **vs.** | |
| **EMI EQUITY MORTGAGE INC** | |
| **Defendant(s)** | **FILED & ENTERED ON 03/13/2019** |

## OPINION & ORDER

Before the court is Debtor/Plaintiff Wilfredo Valdes Morales' (hereinafter "Debtor" or "Plaintiff") *Motion Requesting Determination of Partial Summary Judgment* [Dkt. No. 55]; this court's *Opinion and Order* [Dkt. No. 77]; the certified *Opinion and Order*[1] from the United States District Court for the District of Puerto Rico (hereinafter "USDC-DPR" or "District Court"), Case

---

[1] The USDC-DPR has emitted two opinions in this adversary proceeding. This opinion and order responds only to the second opinion dated July 13, 2018. [Case 17-2283 (FAB)]. All references made in the body of this text to the USDC-DPR's opinion refers to their opinion dated July 13, 2018.

1

17-2283 (FAB) [Dkt. No. 120 in the above-referenced adversary case]; this court's *Order* [Dkt. No. 125]; this court's *Minute Entry* [Dkt. No. 132]; Plaintiff's *Amended Statement of Facts* [Dkt. No. 138]; Defendant EMI Equity Mortgage, Inc.'s (hereinafter "EMI" or "Defendant") *Motion for Judgment on the Pleadings; and Response to Motion for Summary Judgment* [Dkt. No. 141]; and Plaintiff's *Answer to Motion to Dismiss on the Pleadings and Response to Summary Judgment (#141) and Compliance with Order (#144)* [Dkt. No. 146].

**FINDINGS OF FACT:**

The facts in this case and the procedural events are numerous and confusing due to the myriad of motions filed by both parties and the corresponding opinions of the courts. The court enumerates the pertinent facts[2] in this adversary case, and the related legal case,[3] as follows:

1. The Debtor filed his petition for chapter 13 relief on May 31, 2011.

2. The *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines* was notified to EMI on June 1, 2011 [Dkt. No. 8].

3. EMI filed a secured claim in the amount of $110,370.17 on July 1, 2011 [Claim No. 8-1][4].

4. Attorney Jose Cardona Jimenez, in representation of EMI, filed a *Notice of Appearance* on July 1, 2011 [Dkt. No. 15].

5. After appropriate notice, the chapter 13 plan was confirmed without objection, at the hearing

---

[2] The court will focus specifically on the factual events that took place in the related legal case, which in turn provided the grounds on which the Debtor filed the Complaint in the instant adversary proceeding. The court makes this distinction because, running parallel to this matter, is a third-party complaint filed by EMI against Stewart Title Guaranty Company. This Opinion and Order does not adjudicate that matter.

[3] The motions filed in the legal case, by both the Debtor and EMI, and the subsequent orders issued by this court, are relevant, to the substantive issues raised in this Complaint. Enumerated findings of fact number 1 to 15 make reference to docket entries filed only in the legal case.

[4] Claim 8 was amended twice. Claim number 8-2 was filed on June 4, 2012. That amendment listed the claim as secured and in the same amount ($110,370.17) as claim number 8-1. The second amendment was filed on April 18, 2013. Claim number 8-3 listed the claim as secured but increased the amount owed to $111,679.93.

held on August 12, 2011 [Dkt. No. 20]. The *Order Confirming Plan* was entered on August 17, 2011 [Dkt. No. 21].

6. The confirmed plan stated that the chapter 13 trustee would pay $731.60 to EMI to cover the pre-petition arrears secured by the lien. The Debtor maintained regular payments directly to EMI [Dkt. No. 2].

7. On April 28, 2012, attorney Wallace Vazquez Sanabria assumed representation for EMI [Dkt. No. 29].

8. On January 21, 2016, EMI filed a *Motion for Dismissal*, which incorporated claim number 8-3, alleging the Debtor had failed to make two post-petition mortgage payments on its secured claim [Dkt. No. 42].

9. On March 16, 2016, the Debtor filed his *Answer to Motion to Dismiss* stating that there were no post-petition arrears, and moreover, that EMI's documentation filed with claim numbers 8-1, 8-2, and 8-3, did not reveal that the lien over the Debtor's residence had been perfected [Dkt. No. 46].

10. On March 16, 2016, the Debtor filed an *Objection to Claim Number 8*, arguing that EMI had failed to provide evidence of perfection of security together with the claim as required pursuant Fed. R. Bankr. P. 3001(d) [Dkt. No. 47].

11. On April 13, 2016, EMI filed a *Motion to Withdraw "Motion for Dismissal"* [Dkt. No. 48].

12. On the same date, EMI filed a *Response to Debtor's Objection to Claim #8* wherein it admitted that the presentation was notified but had expired, and that the claim should be treated as general and unsecured [Dkt. No. 49].

13. On June 13, 2016, the court entered an *Order* granting the Debtor's objection to EMI's claim no. 8-3 [Dkt. No. 55].

14. On July 28, 2017, the trustee filed his *Chapter 13 Standing Trustee's Final Report and Account* which stated that the plan payments had been completed [Dkt. No. 60].

15. On July 31, 2017, the Debtor's *Order of Discharge* was docketed [Dkt. No. 62].

16. On August 1, 2016, the Debtor filed the complaint in the instant adversary proceeding [Dkt. No. 1].

17. On October 3, 2016, EMI filed its *Answer to Complaint; Third Party, Claim* [Dkt. No. 14]. In its answer, EMI admitted paragraphs 2 through 15 of the complaint, and stated that due to

3

lack of knowledge, paragraphs 16 and 17 were denied.

18. Read together, paragraphs 13, 14 and 15, state that EMI's own internal investigation had concluded that the presentation of the mortgage note was not notified and that the same had expired. As a result, claim 8 should be treated as a general unsecured claim.

19. Paragraphs 16 and 17 state:

> 16. That, this creditor, therefore, has been collecting post-petition preferential payments in the guise of mortgage installments; as of the date of the petition; debtor has made fifty-three (53) payments of $719.02 for a total of $38,108.06 to this creditor under the belief that it held a valid mortgage over his residence.

> 17. That the above-situation has caused debtor consternation and worry throughout the past five years; making him extremely nervous and anxious and causing him to lose sleep for fear that his case might be dismissed and/or his home foreclosed for failure to comply with his mortgage installments.

Adversary Complaint [Dkt. No. 1, page 6].

20. On April 26, 2017, the Plaintiff filed a *Motion Requesting Determination of Partial Summary Judgement* [sic] [Dkt. No. 55]. Plaintiff petitioned the court for the recovery of money in the amount of $38,108.06; recovery of property – through the surrender of the mortgage note dated May 29, 2009; a pronouncement that EMI's mortgage was null and void; a finding that the Defendant willfully violated the automatic stay pursuant to 11 U.S.C § 362(k); and an evidentiary hearing to consider the requested damages, and legal costs and fees.

21. EMI failed to timely file a response to Debtor's motion for summary judgment. Due to that fact, the court entered an *Order* striking he response motions filed by EMI [Dkt. No. 68]. [See Dkt. No.'s 61, 62, 65, 66, 67, 68, 70, 71, 73].

22. Considering Plaintiff's arguments and taking judicial notice of the related legal case, on October 18, 2017, this court enter an *Opinion and Order* granting the Plaintiff's motion for summary judgment [Dkt. No. 77]. The court determined:

> After reviewing Plaintiff's arguments, and the relevant law, the court determines that there is no triable issue as to any material facts and that the moving party is entitled to judgment as a matter of law. The court concludes after a review of the documents provided by Plaintiff, that it has met its burden in terms of producing adequate affirmative evidence. Plaintiff's deed of sale and Defendant's mortgage was never recorded. As such, amended claim number 8-3 filed by Defendant in the related legal case 11-04694, is unsecured and the court declares Defendant's lien over Debtor's residence is null and void. Defendant shall further deliver the mortgage note subscribed by Plaintiff to him forthwith.

4

The clerk shall schedule an evidentiary hearing to consider the monetary damages requested by Plaintiff for Defendant's willful violation of the automatic stay pursuant to 11 U.S.C § 362(k).

23. On October 31, 2017, EMI filed a *Notice of Appeal, and Statement of Election* appealing this court's *Opinion and Order* dated October 18, 2017 to the USDC - DPR [Dkt. No. 83].

24. This court continued the evidentiary hearing *sine die* pending the resolution of EMI's appeal [Dkt. No. 106].

25. On August 3, 2018, the USDC-DPR in Civil No. 17-2283 (FAB), issued their *Opinion and Order* which concluded that:

The Court reserves judgment regarding EMI's purported violation of the automatic stay because the bankruptcy court granted summary judgment on an incomplete record and issued an ambiguous order.

USDC-DPR in Civil No. 17-2283 (FAB) [Dkt. No. 120, pg. 4].

…the bankruptcy court's decision granting summary judgment is REMANDED for proceedings consistent with this Opinion and Order. EMI Equity's appeal is DISMISSED WITHOUT PREJUDICE.

USDC-DPR in Civil No. 17-2283 (FAB) [Dkt. No. 120, pgs. 13, 14].

26. On August 20, 2018, pursuant to the District Court's *Opinion and Order* in Civil No. 17-2283 (FAB), this court issued an *Order* which stated:

Pursuant to the 7/13/2018 Opinion and Order issued by the U.S. District Court for the District of Puerto Rico in civil case numbered 17-2283, the court hereby orders the parties to file a joint statement of material undisputed facts. If the parties are so inclined, they may file separate supplementary briefs. Both motions shall be filed within thirty (30) days from this Order.

[Dkt. No. 125].

27. On September 11, 2018, Plaintiff filed his *Amended Statement of Facts,* and attached exhibits [Dkt. No. 138].

28. On October 17, 2018, EMI filed a *Motion for Judgment on the Pleadings; and Response to Motion for Summary Judgment* [Dkt. No. 141].

5

29. On November 29, 2018, the Plaintiff filed his *Answer to Motion to Dismiss Based on the Pleadings and Response to Summary Judgment (#141) and Compliance with Order (#144)* [Dkt. No. 146].

**LEGAL STANDARD:**

The motions filed by both parties contemplate summary judgment, violation of the automatic stay and dismissal under Fed. R. Civ. P. 12(b)(6) and (c).[5] The multitude of motions and the differing legal standards, coupled with the parallel dispute concerning Third-Party Defendant Stewart Title Guaranty Company have complicated this adversary proceeding. The court's focal point will be on the instructions given in the USDC-DPR's opinion as to EMI's appeal of this court's order granting summary judgment in favor of Plaintiff. The District Court instructs this court to examine additional factors in determining Plaintiff's request for summary judgment. Refined to bare essence, the USDC-DPR remanded this matter back to this court on the grounds that: (1) the factual basis underlying the order granting Plaintiff's summary judgment was incomplete; (2) whether EMI violated the automatic stay as provided for by 11 U.S.C. § 362 was not determined; (3) the summary judgment order was ambiguous as to the $38,108.06 demanded in Plaintiff's turnover of property claim; and lastly, (4) further analysis pursuant to Puerto Rico law is required to determine whether EMI possesses a secured interest in the mortgaged property.

**LEGAL ANALYSIS:**

This court will proceed as mandated. There is no doubt that Plaintiff moved for summary judgment without submitting a recitation of the uncontested material facts in "a separate, short, and

---

[5] Federal Rule of Civil Procedure 12 is applicable to bankruptcy matters pursuant to Federal Rule of Bankruptcy Procedure 7012(b).

concise statement of material facts, set forth in numbered paragraphs." Loc. R. 56(b). The object of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). Summary judgment is proper only when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a), made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7056. The court draws the facts from the summary judgment record, construing them in the light most flattering to the plaintiff. See Griggs-Ryan v. Smith, 904 F.2d 112, 114 (1st Cir. 1990). Following this court's order, the Plaintiff was afforded the opportunity to file a separate statement of uncontested material facts, and EMI was given additional time to file a statement of contested material facts. The Plaintiff complied, however, EMI did not.  This court accepts the Plaintiff's statement. The motion for summary judgment is now complete and ready for analysis.

In the complaint, and later in the motion for summary judgment, the Plaintiff detailed their argument that EMI violated the automatic stay provisions of § 362 by accepting the post-petition mortgage payments of Debtor during the life of the chapter 13 plan. In addition, Plaintiff asserts that EMI collected post-petition preferential payments in the guise of mortgage installments, as of the date of the petition. During that time, the Debtor made payments totaling $38,108.06 to EMI under the belief that it held a valid mortgage over his residence.

As previously stated, the chapter 13 plan was confirmed on August 17, 2011. That plan contemplated payments by the Debtor to EMI as a secured creditor holding a mortgage over his

7

residence. A secured claim was filed and was not objected to prior to the confirmation of the plan. Section 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). "Plan confirmation is a final order, with *res judicata* effect, and is imbued with the strong policy favoring finality." Factors Funding Co. v. Fili, 257 B.R. 370, 373 (B.A.P. 1st Cir. 2001). "'Absent timely appeal, the confirmed plan is *res judicata* and its terms are not subject to collateral attack. The *res judicata* effect of confirmation may be eliminated only if confirmation is revoked or if the case is later dismissed or converted to another chapter.'" In re Jimenez Galindez, 514 B.R. 79, 89 (Bankr. D.P.R. 2014) (citing 8 Collier on Bankruptcy ¶ 1327.02[1]).

The United States Supreme Court has emphasized that plan confirmation orders are final and binding **regardless of the pre-confirmation rights held by creditors**. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) (emphasis ours). The binding effect of confirmation has led courts to conclude that once a plan is confirmed, a creditor's rights and interests are defined within the boundaries of the plan, and proceedings that are inconsistent with the confirmed plan are improper, even if they fall within an exception to the automatic stay. New Hampshire v. McGrahan, 459 B.R. 869, 874 (B.A.P. 1st Cir. 2011). As such, this court determines that there was no violation of the automatic stay by EMI, nor is there a valid cause of action for Plaintiff's turnover of property under § 542. The confirmation order was not amended nor rescinded during the life of the plan. Such plan included the payment of an unchallenged secured claim. The Debtor cannot, at this stage in the proceedings, allege a violation of the stay by EMI for accepting the mortgage payments as spelled out

8

in the plan. Accordingly, the "actual damages, including costs and attorneys' fees, and…punitive damages" contemplated in 11 U.S.C. § 362(k)(1) are not available to Plaintiff. Furthermore, by the same logic, the $38,108.06 paid under the provisions of the confirmed plan suffers the same fate.

The court now turns to the last inquiry ordered in the USDC-DPR's opinion which requires further analysis, pursuant to Puerto Rico law, to determine whether EMI possesses a secured interest in the mortgaged property. This court's opinion granting summary judgment held that the Plaintiff's deed of sale and EMI's mortgage were never recorded. The District Court's opinion held that the pertinent date is the date of presentment, not the date of recordation. That opinion stated:

> The dispositive inquiry for purposes of Valdés' summary judgment is whether EMI Equity's unrecorded mortgage deed constitutes an interest in property within the meaning of section 362(b)(3). Section 362(b)(3) sets forth an exception to the automatic stay pertaining to "any act to perfect." 11 U.S.C. § 362(b)(3). EMI Equity must satisfy three requirements to qualify for the section 362(b)(3) exception: "there must be (1) an 'act to perfect' (2) an 'interest in property' (3) under circumstances in which the perfection-authorizing statute fits within the contours of section 546(b)(1)(A)." 229 Main St. Ltd. v. Mass. EPA, 262 F.3d 1, 4 (1st Cir. 2001).

USDC-DPR in Civil No. 17-2283 (FAB) [Dkt. No. 120, pgs. 8, 9].

Citing its companion statute - § 546(b), the District Court's opinion questions whether the perfection of EMI's lien falls under the exceptions provided for in § 362(b)(3). As stated by the District Court above, the lien must meet three conditions for it to be excepted.

In support of this premise, the USDC-DPR's opinion relies on the holdings in Tosado v. Banco Popular de P.R., 420 B.R. 57, 68 (Bankr. D.P.R. 2009); Hernandez v. Banco Popular de P.R. Popular Mortg., Inc., 2016 Bankr. LEXIS 873, at *7 (Bankr. D.P.R. Mar. 18, 2016); 229 Main St. Ltd. v. Mass. EPA, 262 F.3d 1, 4 (1st Cir. 2001); Ramos v. Banco Popular de P.R., 493 B.R. 355, 364 (Bankr. D.P.R. 2013); and lastly, Soto-Ríos v. Banco Popular de P.R., 662 F.3d 112 (1st Cir.

2011).  With the exception of In re 229 Main Street Ltd. Partnership,[6] all the cases cited by the District Court establish that a mortgage deed presented pre-petition, but unrecorded in the Registry of Property at the time of the order for relief, coupled with the relation back provision of Article 53 of the P.R. Mortgage Law, P.R. Laws Ann. tit. 30, § 2256, rendered the creditor a secured party at the commencement of the bankruptcy filing. There is no doubt that this legal precedent is correct.

However, the facts in this case are distinguishable from those cases in a significant way which renders further examination of section 362(b)(3) ineffectual. On or about March 2, 2011, prior to the bankruptcy petition being filed, EMI was notified that the mortgage had a defect which prevented its entry into the Registry of Property. An individual identified as Thomas Pagan,[7] who may or may not be a representative of EMI, withdrew the deed from the Registry on March 31, 2011. [See Dkt. No. 34, Exh. 1]. EMI's failure to correct the pre-petition defect, and the mortgage documents' subsequent withdrawal, **prior to the filing of the bankruptcy petition,** gives rise to this court's finding that the mortgage was not properly recorded and does not benefit from section 362(b)(3), because EMI did not have an "interest in the property" before the petition was filed. This court concludes, and our legal analysis here affirms, that EMI's lien over Debtor's residence is null

---

[6] In 229 Main Street Ltd. Partnership, the debtor argued that section 362(b)(3)'s "interest in property" requirement can only be satisfied by the existence, prepetition, of a lien; and that, since no such lien was of record when the bankruptcy court's jurisdiction attached, the Commonwealth had no interest in the property (and, therefore, did not qualify for the exception provided by section 362(b)(3)). The Commonwealth asserted, and the First Circuit Court of Appeals concurred, that the term "interest in property", as used in section 362(b)(3), is broader than the term "lien"; and that it had a **prepetition interest** in the property arising out of a combination of factors, including its expenditures for cleanup, its right to record a 'superlien', its notice to the debtor that it intended to record such a lien, and its taking of all possible administrative steps toward recordation prior to the order for relief.

[7] The document provided by Stewart Title Guaranty Company from the Puerto Rico Department of Justice website contains a note which states that the mortgage documents were presented by a Thomas Pagan, in representation of AAA Concordia Mortgage Corporation, on May 29, 2009. AAA Concordia Mortgage was the original mortgagee in the loan documents [ Dkt. No. 138, Exh. 1].

10

and void. [Dkt. No. 34, Exh. A]. Having found that no genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law.

**CONCLUSION:**

The court has followed the instructions contained in the District Court's opinion as to Plaintiff's motion for summary judgment, and rules as follows:

1. The Amended Statement of Material Facts filed by Plaintiff cures the finding by the District Court that the factual basis was incomplete.

2. Due to the *res judicata* effect of the order confirming the chapter 13 plan in the related legal case, EMI did not violate the automatic stay when it accepted Debtor's monthly mortgage payments as set forth in said plan.

3. Due to the *res judicata* effect of the order confirming the chapter 13 plan in the related legal case, the $38,108.06 paid to EMI cannot be turned over to the estate pursuant to 11 U.S.C. § 542.

4. In conformance with the applicable laws of Puerto Rico, EMI's lien was not recorded in the Registry of Property, and is declared null and void. The Defendant holds no valid security interest in Debtor's real estate property. Due to this status, EMI shall surrender the mortgage note subscribed by Plaintiff on May 29, 2009, to Debtor forthwith.

5. Based on this court's findings of fact and conclusions of law, as ordered by the District Court, the Plaintiff's *Motion Requesting Determination of Partial Summary Judgment* [Dkt. No. 55] is GRANTED, in part. EMI's *Motion for Judgment on the Pleadings; and Response to Motion for Summary Judgment* [Dkt. No. 141] is MOOT.

SO ORDERED

San Juan, Puerto Rico, this 13th day of March, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

11